THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREEM DAVENPORT, # M49922, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATHAN MAUE (Sergeant), )<br>SERGEANT PITTS, and )<br>C/O YOUNG, )<br>)<br>Defendants. ) | Case No. 3:25-cv-00171-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Kareem Davenport is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center. He originally brought these civil rights claims pursuant to 42 U.S.C. § 1983 in *Davenport v. Baker*, Case No. 24-cv-852-SMY (S.D. Ill. filed March 22, 2024) ("original case"), where he designated them as "Claim 3." (Doc. 14, p. 28-35 in original case). Plaintiff filed a motion to sever in the original case contemporaneously with "Severed Complaint #2," which was filed as the operative Complaint herein. (Doc. 1). Plaintiff's motion to sever was granted in the original case, designating this case and another as claims severed from that action (Doc. 20 in original case). In this case, Plaintiff claims that Defendants sexually harassed and retaliated against him, in violation of his constitutional rights. (Doc. 1). Plaintiff seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review under

28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on January 1, 2022, he consulted a nurse in the Menard Medium Security Unit's health care area. (Doc. 1, p. 10). Defendants Sgt. Maue and C/O Young stayed in the room during the medical visit and rushed Plaintiff to leave. After Plaintiff left the room, Maue pulled his hair and intimidated and threatened him. Young observed Maue's actions and laughed and made fun of Plaintiff.

Later that day, Plaintiff was at the property area when Maue walked in and "jumped at" Plaintiff as if he was going to punch him. Maue stood face to face next to Plaintiff while he went through his legal property, threatening and intimidating Plaintiff. Maue said that when he caught Plaintiff, he would "knock [Plaintiff] out and put his finger in [his] ass." (Doc. 1, p. 10). Another inmate witnessed the incident. Later that day, Plaintiff called to make a PREA[2] report.

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 8), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

[2] Prison Rape Elimination Act.

A couple days later, Plaintiff was interviewed by Internal Affairs ("IA"); he also saw mental health and medical providers. Plaintiff was not sure of Maue's name at the time. IA was to follow-up to show Plaintiff the IDs of the officers on duty that day, but this was never done. Plaintiff saw Maue again while the investigation was ongoing. Maue called him a "pussy" and other obscenities for calling PREA. (Doc. 1, p. 10).

On March 24, 2022, Plaintiff was in the law library when he heard Maue in the other room talking about him to Plaintiff's cellmate. (Doc. 1, p. 10-11). Maue told the cellmate that if Plaintiff was "messing with him" to let Maue know. Maue falsely told the cellmate that Plaintiff has a sexual assault case; Maue also stated if he got the chance, he was going to "fuck [Plaintiff] up" and do something to give him a real reason to call PREA. *Id.* Plaintiff called PREA the next day (Friday, March 25, 2022) but heard nothing. Plaintiff's PREA complaints were later found unsubstantiated. (Doc. 1, p. 12).

On March 30, 2022, Maue was present when Plaintiff went to lunch. Maue sat where Plaintiff had to walk past him, then stared at Plaintiff while licking his lips "in a provocative way" while Plaintiff ate his meal. (Doc. 1, p. 11).

Plaintiff had a telepsychology visit on March 31, 2022, and he relayed the above incidents. The mental health professional reported this. After Plaintiff left the room, Maue called him a bitch and a pussy who has no balls. Maue said that when it's all said and done, he is going to make Plaintiff his bitch. (Doc. 1, p. 11). Defendant Sgt. Pitts witnessed the exchange, started laughing, and called Plaintiff a bitch and a pussy.

On April 1, 2022, Maue followed Plaintiff and another inmate all the way from the commissary to the cellhouse, walking closely behind Plaintiff to intimidate him. These

incidents caused Plaintiff to fear for his life, harmed his mental health, and kept him from sleeping. (Doc. 1, p. 12).

Plaintiff was transferred from Menard's medium security unit to the maximum-security unit "out of the blue" with no explanation. (Doc. 1, p. 12). Plaintiff had not been charged with any disciplinary infraction and had never heard of anyone being transferred from medium to maximum without a disciplinary or security issue.

On September 8, 2022, Maue saw Plaintiff near a visiting room and asked him if he was "still sucking dick." (Doc. 1, p. 12). Maue walked past Plaintiff and brushed hard up against him.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment cruel and unusual punishment claim against Maue for sexual harassment and threats of sexual assault, from January 1, 2022 through September 8, 2022.
>
> Count 2: First Amendment retaliation claim against Maue for harassing Plaintiff and lying to another inmate about Plaintiff's criminal history after Plaintiff filed PREA complaints against Maue.
>
> Count 3: Eighth Amendment cruel and unusual punishment claims against Pitts and Young for verbally harassing Plaintiff.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

**standard**.³

## Count 1

Simple verbal harassment and name-calling typically does not amount to cruel and unusual punishment. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated on other grounds by *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). However, verbal harassment that is sexual in nature may be actionable under the Eighth Amendment, particularly when accompanied with physical conduct. *See, e.g.*, *Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) (noting that verbal sexual harassment accompanied by physical conduct, which caused psychological trauma and placed inmate in danger of assault, stated Eighth Amendment claim); *Chatman v. Illinois Department of Corrections,* No. 16-3646, 685 Fed. Appx. 487, 489 (7th Cir. May 12, 2017) (stating that "[p]rison authorities violate the Eighth Amendment when they treat inmates in a way that is motivated by a desire to harass or humiliate or intended to humiliate and cause psychological pain.") (internal quotations and citations omitted).

Here, Maue allegedly threatened to knock Plaintiff unconscious and sexually assault him, and later he said he would give Plaintiff a "real reason" for a PREA complaint. Plaintiff claims Maue was physically aggressive toward him (including pulling his hair on one occasion), falsely accused Plaintiff of being a sex offender, accused him of engaging in homosexual acts, and targeted him with sexual insults and sexually

---

³ *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

suggestive gestures. Plaintiff asserts Maue's conduct caused him to fear for his safety and to suffer psychological harm. These allegations are sufficient for Plaintiff's Eighth Amendment claim in Count 1 to proceed against Maue.

### Count 2

Prison officials may not retaliate against inmates for exercising their First Amendment rights to file grievances, lawsuits, or otherwise complain about their conditions of confinement. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). To state a retaliation claim, a prisoner must allege that he engaged in constitutionally protected activity and that prison officials took adverse action against him because he engaged in the protected activity. *See Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Bringing a complaint against a prison official for a Prison Rape Elimination Act violation is activity protected under the First Amendment. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Plaintiff made a PREA report on January 1, 2022, after Maue threatened to knock him out and to sexually assault him. Maue allegedly cursed at Plaintiff later, referencing the PREA report. Plaintiff claims that Maue threatened on March 24, 2022, to give Plaintiff a "real reason" to call PREA, and lied to Plaintiff's cellmate about Plaintiff having committed sexual assault. Maue allegedly continued his threats and intimidation.[4] Plaintiff has adequately pled a retaliation claim against Maue, thus Count 2 will also

---

[4] It is not clear whether Plaintiff meant to include his unexplained transfer from the medium-security to the maximum-security unit as a retaliatory action. Plaintiff does not allege that Maue had anything to do with the transfer (Doc. 1, p. 12). Therefore, Count 2 does not include the transfer matter and any claims related to it are dismissed without prejudice.

proceed.

**Count 3**

Plaintiff alleges that Young laughed and made fun of him once, when Maue pulled his hair and threatened him on January 1, 2022. He also described only one incident involving Pitts, who Plaintiff claims laughed at him and called him names on March 31, 2022. The Court does not condone such offensive conduct, however, these isolated incidents of verbal abuse do not rise to the level of constitutional violations. *See DeWalt*, 224 F.3d at 612. Count 3 and Defendants Young and Pitts will be dismissed from the action without prejudice.

### DISPOSITION

The Complaint states colorable claims in Counts 1 and 2 against Maue. Count 3, and Defendants Sergeant Pitts and C/O Young are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Nathan Maue: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of

Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is

**DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

    **IT IS SO ORDERED.**

    **DATED:   April 22, 2025.**

Digitally signed by Judge Sison
Date: 2025.04.22 11:48:12 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.